## MARYLAND CASUALTY CO. v. PEDRAZA.

### No. 10175.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Rehearing Denied July 7, 1937.

R. H. Mercer, of San ·Antonio, for appellant.

Charles J. Lieck, of San Antonio, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case, in which Joe Pedraza, the employee, recovered judgment for compensation from Maryland Casualty Company, the insurance carrier, for disability alleged to have been sustained by Pedraza while employed by A. H. Beck Foundation Company in constructing a federal building in San Antonio. Pedraza was working a jack hammer at the bottom of a thirty-five or forty foot hole in the foundation for the building when (he claimed) a piece of clay or dirt fell upon him and injured him. Being dissatisfied with the disposition made of his claim by the Industrial Accident Board, Pedraza appealed to the district court and recovered. The Casualty Company has appealed.

The record shows that about sixteen years before the alleged accident appellee received a gunshot wound in the right forearm, resulting in a fracture of the two bones therein. The bullet which struck him was shattered, and its parts are still imbedded in the fleshy part of his arm. A few days after the accident here complained of appellee's right forearm began swelling, and· became very painful. It developed, upon examination, that the two bones which had been fractured by the bullet were badly diseased, and the marrow thereof turned to pus, which was released by two operations. As a result appellee's condition became very serious for a time. The evidence as to appellee's alleged accident and the resulting injury is very meager and uncertain when viewed in the cold record thereof, as against the medical testimony, and other facts and circumstances in evidence. A review of that record raises grave doubt of the sufficiency and probative force of that evidence to support the jury finding that appellee's dis-

ability was caused by an injury received in the alleged accident, rather than by the previous gunshot wound. But there was some material evidence to support the finding, and the jury, and not this court, being the triers of the facts, we are bound thereby. We are therefore obliged, albeit with some reluctance, to overrule appellant's propositions challenging the sufficiency of the evidence; those propositions being the first to tenth, inclusive, and the eighteenth.

■ Appellant's sixteenth proposition is based upon its twenty-third assignment of error, which is that "the judgment of the court is contrary to the law and evidence." The assignment is, obviously, too general to authorize consideration, and the proposition purporting to be germane thereto falls with it. For the same reason appellant's fifteenth and nineteenth propositions cannot be considered.

■ Appellant's eleventh, twelfth, thirteenth, and fourteenth propositions are briefed in group. In them appellant complains of the submission of special issue No. 6, the complaint resting upon four separate and distinct grounds: First, because the issue therein submitted (of "general incapacity") should be "submitted unconditionally"; second, its submission was "highly prejudicial to appellant in view of the submission of special issue No. 16, which would deprive the appellant of the right to have its defensive issues fairly considered by the jury"; third, because "it was a double submission in view of the submission of special issue No. 16"; and, fourth, it "should not have been submitted in view of the court having submitted special issue No. 16." The propositions cannot be considered, for several reasons. In the first place, the first, second, and fourth of said objections are too general. They apprised neither the trial judge nor this court of any specific objection to the charge complained of. The third objection might properly have been urged here, but its presentation is inadequate, in that it is made dependent upon special issue No. 16, which is not set out in the statement under the proposition, and this and the other three objections are futile, for the further reason that no evidence is set out in the statement under the propositions to show the relationship between the charge and appellant's objections thereto, or to support those objections.

We find no reversible error, and the judgment must be affirmed.